Matter of Moshan (2017 NY Slip Op 06053)





Matter of Moshan


2017 NY Slip Op 06053


Decided on August 8, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom,Justice Presiding,
John W. Sweeny, Jr.
Sallie Manzanet-Daniels
Richard T. Andrias
Karla Moskowitz, Justices.




[*1]In the Matter of Michael J. Moshan, (admitted as Michael Jason Moshan), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael J. Moshan, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael J. Moshan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 25, 1996.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Michael S. Ross, for respondent.



PER CURIAM


Respondent Michael J. Moshan was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1996, under the name Michael Jason Moshan, and his last registered business address was within this Judicial Department.
By notice of motion dated May 2, 2017, respondent seeks an order, pursuant to Uniform [*2]Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. The Attorney Grievance Committee (Committee) does not oppose the application.
In his May 1, 2017 affidavit, respondent acknowledges that he is currently the subject of an investigation by the Committee involving allegations of professional misconduct regarding transferring client and third-party trust funds to a savings account and improperly retaining the interest earned on those funds that should have gone to the Lawyers' Fund for Client Protection (the Fund). Respondent was scheduled to plead guilty before New York County, Supreme Court on May 2, 2017 to one count of scheme to defraud in the second degree (Penal Law § 190.60), a class A misdemeanor, based on the foregoing misconduct. As a condition of his plea agreement with the New York County District Attorney's Office, he agreed to voluntarily resign from the practice of law, and to reimburse the Fund the sum of $53,809 by way of check to the New York County District Attorney's Office, which will transmit the monies to the Fund.
Respondent further attests that he cannot successfully defend himself against the allegations under investigation based upon the facts and circumstances of professional misconduct described herein; he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences, including that upon the Court's acceptance and approval, an order of disbarment striking his name from the roll of attorneys shall be entered; and he agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services, and there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds on behalf of clients or others entitled to them.
In light of respondent's compliant affidavit and the Committee's support, we accept respondent's resignation.
Accordingly, the motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 1, 2017 (see Matter of Dubal, 151 AD3d 34 [1st Dept 2017]; Matter of Wallen, 149 AD3d 235 [1st Dept 2017]), and respondent is directed, pursuant to Judiciary Law § 90(6-a), to make restitution to the Fund in the amount of $53,809, and for any future awards that may be made by the Fund as a result of his misconduct.
All concur.
Order filed.
August 8, 2017
Tom, J.P., Sweeny, Manzanet-Daniels, Andrias, Moskowitz, JJ.
Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 1, 2017. Opinion Per Curiam. All concur.